UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHERYL L WHITE | CIVIL ACTION NO. 24-0590 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLAIBORNE ELECTRIC COOPERATIVE, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by Defendant Claiborne Electric Cooperative, Inc. ("Claiborne Electric"). See Record Document 16. Plaintiff Sheryl L. White ("White") opposed the motion. See Record Documents 21. Pursuant to a Court order, Claiborne Electric filed a supplemental brief and White filed a supplemental opposition. See Record Documents 27 & 29. For the reasons stated below, Claiborne Electric's Motion to Dismiss is **DENIED**.

**BACKGROUND**

On May 3, 2024, White filed a Complaint against Claiborne Electric in the Western District of Louisiana for "unfair business practices, theft, malfeasance, violation of consumer protection laws, [and] deception." Record Document 1 at 3.[1] On July 1, 2024, White purported to personally serve Claiborne Electric through Paul Kitchens ("Kitchens"). See Record Document 15 at 2. Kitchens presently represents Claiborne Electric in this matter. White also submits that she physically mailed copies of the filings to the Paul Kitchens Law Office on May 22, 2024, and June 26, 2024. See id. at 10. On July 9, 2024,

---

[1] Pursuant to a Court order, on June 13, 2024, White filed a motion captioned as a Motion for Amended Complaint, naming the statutes under which she brings her claims. See Record Document 10.

Claiborne Electric filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and (b)(5), arguing that the service made on Kitchens and his firm is ineffective against it. See Record Document 16 at 1.

On July 18, 2024, White purported to personally serve Claiborne Electric through Candy Hardy ("Hardy"). See Record Document 25 at 1. On the Summons, provided by the Clerk of Court, White or her process server wrote in pen toward the top of the page, "Attn: Mark Brown." See id. at 2. After Hardy was served, Claiborne Electric filed an Answer, preserving its affirmative defenses under Rules 12(b)(4) and 12(b)(5). See Record Document 24 at 3. Claiborne Electric filed a supplemental brief challenging the effectiveness of the service against Hardy. See Record Document 27.

## LAW AND ANALYSIS

**I.      Legal Standards**

Federal Rule of Civil Procedure 12(b)(4) allows a defendant to move for dismissal based on insufficient process. A Rule 12(b)(4) motion is proper only to challenge non-compliance with the provisions of Federal Rule of Civil Procedure 4(b) or any applicable provision incorporated by Rule 4(b) dealing specifically with the *contents* of the summons. See Ceasar v. Dillards Dep't Store, No. 17-CV-01066, 2018 WL 3030126, at *1 (W.D. La. May 31, 2018), report and recommendation adopted, 2018 WL 3029336 (W.D. La. June 18, 2018). Here, Claiborne Electric raises both Rules 12(b)(4) and 12(b)(5) in its motion. However, Claiborne Electric does not raise any argument as to why the contents of the service is insufficient under Rule 12(b)(4). Thus, the Court considers Claiborne Electric's arguments pursuant to Rule 12(b)(5).

Federal Rule of Civil Procedure 12(b)(5) permits a challenge to the method of service attempted or lack of service, and allows dismissal of a claim for "insufficient service of process." A plaintiff can properly serve process on a defendant corporation in two ways. See Fed. R. Civ. P. 4(h). First, the plaintiff can serve the corporation in accordance with Federal Rule of Civil Procedure 4(h)(1)(B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Second, the plaintiff can serve the corporation in accordance with state procedure. See Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Louisiana law requires a plaintiff to make personal service on one of the corporation's agents for service of process. See La. Code Civ. P. art. 1261(A).[2] If a plaintiff has not served a defendant within 90 days, Federal Rule of Civil Procedure 4(m) requires dismissal of the action unless the plaintiff shows good cause.

II. **Analysis**

Claiborne Electric contends that under Louisiana law, White must make personal service on a registered agent or authorized officer to comply with the requirements for service of process. See Record Document 27 at 2. Claiborne Electric argues that White's service of process was insufficient because neither Kitchens nor Hardy is a registered agent, managing or general agent, or otherwise authorized to accept service of process on behalf of Claiborne Electric. See Record Documents 16 at 4 & 27 at 1. While Kitchens is a legal representative in this case, Claiborne Electric notes that Kitchens did not make

---

[2] Other methods of service are available only if "there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent." See La. Code Civ. P. art. 1261(B).

3

an appearance in the instant case until he received a courtesy copy of the Complaint. See Record Document 16-1 at 1. As such, Claiborne Electric contends Kitchens was not authorized to accept service on Claiborne Electric's behalf at the time White served him.

In response, White argues that she effectuated proper service of process when she mailed Kitchens copies of the filings because under Federal Rule of Civil Procedure 4, she can serve process by mail where it is "accompanied by a follow-up from a qualified person, such as a U.S. Marshal." See Record Document 29 at 3 & 21 at 2. White also argues her personal service on Kitchens and Hardy was proper. She submits her service on Kitchens was proper because he has represented Claiborne in prior litigation against White. See Record Document 21 at 2. She also contends that she properly served Mark Brown, an officer of the corporation, apparently through her service on Hardy, which included a copy of a document with Mark Brown's name on it. See Record Document 29 at 2.

### A. Sufficiency of Service

White's service of process was insufficient. White did not properly serve Claiborne Electric under Rule 4(h)(1)(B) because she did not serve process on any person who is an officer, managing or general agent, or agent otherwise authorized to accept process on behalf of Claiborne Electric. White did not properly serve Claiborne Electric under Louisiana Law because she did not serve one of Claiborne Electric's agents for service of process. See La. Code Civ. P. art. 1261(A). The only two people personally served in this case are Kitchens and Hardy, neither of whom are officers, managing or general agents, or otherwise authorized to accept process on behalf of Claiborne Electric. White's arguments to the contrary are unavailing.

Service against Kitchens is not sufficient based on his previous representation of Claiborne Electric in a different matter. "Service of process on an attorney is ineffective unless the attorney is authorized by appointment or by law to accept service on a client's behalf." Monterey Mushrooms, Inc. v. Hall, 14 F. Supp. 2d 988 (S.D. Tex. 1998) (citing Shelley v. Bayou Metals, 561 F.2d 1209, 1210 (5th Cir. 1977); Ransom v. Brennan, 437 F.2d 513, 518-519 & 519 n. 9 (5th Cir. 1971)). According to Kitchens's affidavit, he was not authorized to accept process and had not made any appearance in this case at the time the Complaint was delivered to his office. See Record Document 16-1 at 1. Therefore, service upon Kitchens and his firm was not effective as to Claiborne Electric in this matter.

Further, although White maintains she served Mark Brown, an officer of Claiborne Electric,[3] the summons returned to the Court indicates that Hardy was the individual personally served. See Record Document 25. According to an affidavit from the CEO of Claiborne Electric, Hardy is a secretary for Claiborne Electric but is not an officer, director, or authorized to accept service of process for Claiborne Electric. See Record Document 27-1 at 1. The fact that Mark Brown's name was written on the form does not constitute personal service on him—even if Hardy was his personal secretary. "Service on a secretary or receptionist of the person to be served does not qualify as personal service under Louisiana law." Cordova v. LSU Agric. & Mech. Coll. Bd. of Supervisors, No. 19-CV-1027, 2019 WL 5493355, at *3 (W.D. La. Oct. 24, 2019) (citing Roper v. Dailey, 393

---

[3] There are no facts to suggest who Mark Brown is or whether he is an officer of Claiborne Electric.

5

So. 2d 85 (La. 1980)). Therefore, service on Hardy was not effective as to Claiborne Electric in this matter.

Thus, White has not made proper service. The fact that Claiborne Electric may have received notice of the action does not change the Court's conclusion because "actual notice is not sufficient service of process." Ellibee v. Leonard, 226 F. App'x 351, 357 (5th Cir. 2007) (citing Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir. 1988)).

**B.    Good Cause**

Federal Rule of Civil Procedure 4(m) requires dismissal of the action if a defendant is not served within 90 days unless the plaintiff shows good cause for failure to serve process. The Court therefore turns to whether there was good cause for the insufficient service of process. See Fed. R. Civ. P. 4(m). "The plaintiff bears the burden of showing good cause for failure to serve a defendant in accordance with Rule 4(m)." Hardaway v. Litton Loan Servicing, LP, No. 17-CV-004, 2017 WL 4293161, at *3 (N.D. Miss. Sept. 27, 2017) (citing Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988)). Generally, the plaintiff must show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).

White does not provide any reason that could suffice as good cause for her failure to serve process. After White amended her Complaint, the Court granted an extension of time to serve process. See Record Document 13. In that order, the Court specified that rules for service are found in Federal Rule of Civil Procedure 4, listed where information on the authorized officers for Claiborne Electric could be found and their names, and

6

informed Plaintiff that failure to serve process by the extended deadline may result in dismissal of the action. See id. Therefore, the Court finds that good cause does not exist.

However, this Court has broad discretion to extend the time for service of process even when good cause does not exist. See Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). "In exercising this discretion, a plaintiff's *pro se* status and good faith attempt to obtain service are relevant factors." Monroe v. Texas Utilities Co., No. 301-CV-1012, 2002 WL 413866, at *2 (N.D. Tex. Mar. 11, 2002). Courts may also consider that extending the deadline for service of process helps "avoid further delay and the unnecessary expenses of having [plaintiffs] reassert their claims in a separate action if dismissal without prejudice was granted." Hardaway, 2017 WL 4293161, at *4.

The Court finds it proper to give White one last opportunity to comply with the rules for service of process. White has made several misguided and ineffective attempts to properly serve Claiborne Electric. White shall have 21 calendar days from the issuance of this order to properly serve Claiborne Electric with process. If White does not properly serve Claiborne Electric within that time frame, Claiborne Electric may reurge its motion to dismiss.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Claiborne Electric's Motion to Dismiss (Record Document 16) is **DENIED**.

**IT IS FURTHER ORDERED** that White's deadline for completing service and filing evidence of service in the record is extended until 21 calendar days after the issuance of

the instant Memorandum Ruling and accompanying Order.  If White does not complete proper service within that time frame, Claiborne Electric may reurge its motion to dismiss.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of February, 2025.

                                              JUDGE S. MAURICE HICKS, JR.
                                              UNITED STATES DISTRICT COURT